UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| MOHAMMED AHMAD KOBEISSI and MONICA KOBEISSI, individually & As H/W<br>315 S. Parkway Blvd.<br>Apt. D-201<br>Broomall, PA 19008<br>    Plaintiff,<br><br>v.<br><br>MANTUA TOWNSHIP POLICE DEPARTMENT<br>405 Main Street<br>Mantua, NJ 08051<br><br>And<br><br>MANTUA TOWNSHIP<br>401 Main Street<br>Mantua, NJ 08051<br><br>And<br><br>GRAHAM B. LAND, Chief of Police, individually & in his official capacity as a police officer for Mantua Township<br>405 Main Street<br>Mantua, NJ 08051<br><br>And<br><br>Ptlm. Jason Davis, individually & in his official capacity as a police officer for Mantua Township<br>405 Main Street<br>Mantua, NJ 08051<br><br>And<br><br>John Does, 1-10<br>    Defendants. | CIVIL ACTION NO.:<br>08 cv 2730 (JEI)<br><br><br><br><br><br>Jury of Twelve (12) Jurors Demanded |

1

# CIVIL ACTION COMPLAINT

## I. Jurisdiction

1. Plaintiff brings this case under federal, state, and constitutional laws and amendments, respectively.

2. Plaintiff seeks actual, statutory and punitive damages together with attorney's fees and costs, and injunctive relief.

3. Jurisdiction of this matter is conferred upon this Court by 28 U.S.C. §1331 and 1332; supplemental jurisdiction over Plaintiff's state law claims granted by 28 U.S.C. §1367.

4. Venue lies in this judicial district in that the events that gave rise to this claim occurred here.

## II. Parties

5. Plaintiffs, Mohammed Ahmad Kobeissi and Monica Kobeissi, are adult individuals and husband and wife residing at the above captioned address.

6. Defendant, Mantua Township, is a municipality registered to transact business in the State of New Jersey, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls the Mantua Township Police Department, which employs the above-captioned defendant police officers.

7. Defendant, Mantua Township Police Department, at all times material is responsible for the training and conduct of its employees, and authorizes and supports their actions under color of state law pursuant to either official policy, custom or practice.

8. Defendant, Graham Land, Chief of Police, at all times material, was and/or is Chief of Police with Mantua Township Police Department, acting under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity. This Defendant was acting in concert and conspiracy with other employees/agents of Mantua Township.

9. Defendant, Ptlm. Jason Davis, Police Officer, badge number 1540, at all times material, was and/or is a police officer with Mantua Township Police Department, acting under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity. This

2

Defendant was acting in concert and conspiracy with other employees/agents of Mantua Township Police Department, aiding and abetting same.

10. Defendants, John Does, 1-10, at all times material, was and/or is police officers with Mantua Township Police Department, acting under color of state law, pursuant to either the official policy, custom or practice in both an individual and/or official capacity. This Defendant was acting in concert and conspiracy with other employees/agents of Mantua Township Police Department, aiding and abetting same.

### III. Facts

11. At all times material, Plaintiff, Mohammed Ahmad Kobeissi, is an Arab-American citizen and part of a protected minority group.

12. In the course of his employment, Plaintiff habitually travels on the roadways in Mantua Township, New Jersey.

13. Plaintiff has been the victim of Defendants – Police Officers' harassment due to his race and/or nationality that began on or about September 6, 2006.

14. On or about September 6, 2006, at approximately 2:48 a.m., on I-45 in Mantua Township, New Jersey, Defendants - Police Officers stopped Plaintiff's vehicle solely for the purpose of taunting, harassing and/or threatening Plaintiff, Mohammed Ahmad Kobeissi, without warrant or other legal justification.

15. During the above stop, Defendants - Police Officers searched Plaintiff's property, with no probable cause.

16. Thereafter, Defendants - Police Officers repeatedly pulled Plaintiff's vehicle over for no reason and required him to take a field sobriety test.

17. Defendant-Police Officers issued Plaintiff a citation for careless driving despite Plaintiff's careful and cautious driving.

18. When Plaintiff arrived in Court to challenge the citation, Plaintiff was threatened, taunted and harassed by Defendant – Police Officers.

3

19. Defendants – Police Officers informed Plaintiff that could not see the judge.

20. As a result of Defendants – Police Officers' harassment, threats and/or taunts at the courthouse, Plaintiff was forced to leave the courthouse without having his case heard.

21. Soon thereafter, Defendants - Police Officers began to taunt, harass and/or threaten Plaintiff when he was in Mantua Township, as has been Defendants' custom and/or practice with Plaintiff and/or others similarly situated. The Defendant police officers who did not actually taunt, harass, and/or threaten Plaintiffs, failed to prevent other officers from doing so, as is required.

22. Defendants have a history and/or course of conduct of threatening, taunting and/or harassing Plaintiff and/or others similarly situated.

23. Plaintiff has filed informal complaints about Defendants' conduct.

24. Plaintiff's complaints, both written and oral, were summarily dismissed and/or were not addressed.

25. Rather than taking disciplinary action against Defendants - Police Officers, Defendant, Land, stated that the officers were justified in their stops.

26. At all times material, Defendants, Mantua Township and Mantua Township Police Department, were charged with the responsibility and duty of testing, hiring, training and supervising employees of the Mantua Township Police Department, including Defendants - Police Officers and Defendant - Chief of Police.

27. At all times material, Defendants were acting individually and/or in their official capacity and within the course and scope of their employment, and under color of state law.

28. Defendant officers, acting in concert and conspiracy, participated in the taunting, harassing and/or threatening of Plaintiff on or about September 6, 2006, and afterward, either directly or by failing to restrain fellow officers who were taunting, harassing and/or threatening Plaintiff.

29. Defendants, Mantua Township Police Department and Mantua Township, with deliberate indifference, failed to properly train, supervise, and discipline the Defendant officers with respect to their

police powers. The failure to train, supervise and discipline the Defendant officers and other officers in the Mantua Township Police Department caused the constitutional violations alleged in this Complaint.

30. At all times material, the actions taken by Defendants deprived Plaintiff of his constitutional, statutory, and/or other rights.

31. As result of the aforementioned misconduct, Plaintiffs have in the past and will in the future experience fear, mental anguish, emotional suffering, together with physical pain and suffering and other non-economic losses, along with economic losses, and will continue to suffer same for an indefinite period of time, perhaps permanently.

**IV.   Causes of Action**

## COUNT I
## CIVIL RIGHTS VIOLATIONS

32. Plaintiffs incorporate paragraphs 1-31 as if same were fully set forth at length herein.

33. As a direct and proximate result of Defendants' conduct, committed under color of state law, Plaintiff was deprived of the right to be secure in his person or property and to due process of law. As a result, Plaintiff suffered and continues to suffer harm, in violation of his rights under the laws and Constitution of the United States of America, in particular the First, Fourth and Fourteenth Amendments thereto, and Title 42 U.S.C. §1983., et seq., as well as their corollaries under the statutes (NJ ST 10:5-1, et seq.) and Constitution of the State of New Jersey.

34. The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiffs, that imposition of punitive damages are warranted.

## COUNT II
## STATE LAW CLAIMS
## (PLAINTIFFS V. DEFENDANTS POLICE OFFICERS, INDIVIDUALLY)

35. Plaintiffs incorporate by reference paragraphs 1-34 above as if the same were fully set forth at length herein.

5

36. Defendants are heretofore additionally liable for: (1) intentional infliction of emotional distress; (2) assault and battery; (3) conspiracy; and (4) aiding and abetting.

**COUNT III**
**PUNITIVE DAMAGES**
**(PLAINTIFFS V. DEFENDANTS POLICE OFFICERS, INDIVIDUALLY)**

37. Plaintiffs incorporate paragraphs 1-36 as if same were fully set forth at length herein.

38. The actions and misconduct set forth above of Defendants was extreme and outrageous and done intentionally and/or recklessly and/or maliciously by Defendants against Plaintiff.

39. Said actions and misconduct were done with bad motives and in wanton, willful and reckless disregard for the rights of Plaintiff.

40. Plaintiffs herewith aver that Punitive Damages are warranted by the aforesaid conduct and actions and as a result of the aforementioned conduct, which is herewith incorporated by reference.

**V.    Prayer for Relief**

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages in an amount in excess of $75,000.00, plus punitive damages (in excess of $250,000.00) against Defendants individually, jointly and/or severally, attorney's fees and costs, statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.


PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs